LUIS A. CARRILLO, Esq., SBN 70398
MICHAEL S. CARRILLO, Esq., SBN 258878
J. MIGUEL FLORES, Esq., SBN 240535
**CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
 South Pasadena, CA 91030
Tel: (626) 799-9375/Fax: (626) 799-9380

Attorneys for Plaintiffs I.M., a minor, by and through her Guardian Ad Litem, EDWARD
TAPIA, EDWARD TAPIA, CHERYL TAPIA-RUFENER and BRIANNA PALOMINO,
Individually and as Successors-In-Interest to Decedent, EDWARD BRONSTEIN

ANNEE DELLA DONNA, ESQ. (SBN: 138420)
delladonnalaw@cox.net
LAW OFFICES OF ANNEE DELLA DONNA
301 Forest Avenue
Laguna Beach, CA  92651
Telephone: (949) 376-5730

ERIC J. DUBIN, ESQ. (SBN:  160563)
edubin@dubinlaw.com
DUBIN LAW FIRM
19200 Von Karman Avenue, Sixth Fl.
Irvine, CA  92612
Telephone: (949) 477-8040

RONALD E. NORMAN, ESQ. (SBN: 104752)
rnorman@fknlaw.com
FARNELL & NORMAN
2020 Main Street, Suite 770
Irvine, CA  92614
(949) 553-1300

Attorneys for Plaintiffs, E.W. &
L.W., Minors, et al.

SECOND AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.M., a minor, by and through her Guardian Ad Litem, EDWARD TAPIA, EDWARD TAPIA, CHERYL TAPIA-RUFENER and BRIANNA PALOMINO, Individually and as Successors-In-Interest to Decedent, EDWARD BRONSTEIN, | CASE NO: 2:20-cv-11174 FMO (JEMx) |

SECOND AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

Plaintiffs,

vs.

DOE CHP OFFICERS 1-10

Defendants.

**First Cause of Action:**
**Fourth Amendment Violation**
**Second Cause of Action:**
**Fourteenth Amendment Interference with Familial Relations**
**Third Cause of Action:**
**Negligence**
**Fourth Cause of Action:**
**Wrongful Death**
**Fifth Cause of Action:**
**Assault and Battery**
**Sixth Cause of Action:**
**Civil Conspiracy under Federal Law (42 U.S.C. §§1983, 1988)**
**Seventh Cause of Action:**
**Failure to Provide Medical Care Fourth Amendment (42 U.S.C. §§1983, 1988)**

E.W. and L.W. Minors, by and through their Guardian Ad Litem, AUNDREA CHERYL ROSA WAGNER, Individually and as Successors-In-Interest to Decedent, EDWARD BRONSTEIN

Plaintiffs,

vs.

STATE OF CALIFORNIA, a public entity; CALIFORNIA HIGHWAY PATROL, a public entity; DOE CHP OFFICERS 1-10, inclusive,

Defendants.

**[DEMAND FOR JURY TRIAL]**

2

SECOND AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

## COMPLAINT FOR DAMAGES

Plaintiffs I.M., a minor, by and through her Guardian Ad Litem EDWARD TAPIA, EDWARD TAPIA, CHERYL TAPIA-RUFENER and BRIANNA PALOMINO, Individually and as Successors-In-Interest to Decedent, EDWARD BRONSTEIN; and E.W., a minor; and L.W., a minor; by and through their Guardian Ad Litem, AUNDREA CHERYL ROSA WAGNER, individually and as Successors-In-Interest to Decedent EDWARD BRONSTEIN ( all collectively referred to as "PLAINTIFFS") file the instant Complaint against Defendants STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL ("CHP"), DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE, ARBI BAGHALIAN and VITAL MEDICAL SERVICES, LLC, inclusive, and herein allege as follows:

## JURISDICTION AND VENUE

1.     This civil action is brought to redress violations of the Fourth and Fourteenth Amendments of the United States Constitution as protected by 42 U.S.C. §§ 1983.

2.     Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, State of California, which is located in this Central District of California. The Court has supplemental jurisdiction over the California state law causes of action asserted in this Complaint pursuant to 28 U.S.C. § 1367(a).

## II.

## PARTIES

3.     EDWARD BRONSTEIN (hereinafter "DECEDENT") is the Decedent.  Mr. Bronstein died on March 31, 2020.  At all relevant times, Plaintiffs I.M., a minor, by and through her Guardian Ad Litem EDWARD TAPIA, EDWARD TAPIA, CHERYL

TAPIA-RUFENER, BRIANNA PALOMINO, Individually and as Successors-In-Interest to Decedent, EDWARD BRONSTEIN, were and are residents of Los Angeles County.

4.     Plaintiff EDWARD TAPIA (Plaintiff "TAPIA") is DECEDENT'S biological father and brings survival claims in a representative capacity on the DECEDENT'S behalf as a lawful successor-in-interest pursuant to California Code of Civil Procedure § 377.30 and § 377.60.   Plaintiff TAPIA seeks damages for individual and survival claims, wrongful death, and loss of familial relations.  TAPIA maintained a relationship with his son EDWARD BRONSTEIN.  TAPIA would celebrate birthdays, holidays, and other major life celebrations with his son.  TAPIA would receive support from his son to assist him with daily living expenses.

5.     Plaintiff CHERYL TAPIA-RUFENER, (Plaintiff "TAPIA-RUFENER") is DECEDENT'S biological mother and brings survival claims in a representative capacity on the DECEDENT'S behalf as a lawful successor-in-interest pursuant to California Code of Civil Procedure § 377.30 and § 377.60. Plaintiff TAPIA-RUFENER seeks damages for individual and survival claims, wrongful death, and loss of familial relations. TAPIA-RUFENER maintained a relationship with her son EDWARD BRONSTEIN. TAPIA-RUFENER would celebrate birthdays, holidays, and other major life celebrations with her son.  TAPIA-RUFENER would receive support from her son to assist her with daily living expenses.

6.     Plaintiff BRIANNA PALOMINO (Plaintiff "PALOMINO") is the DECEDENT'S biological daughter and brings survival claims in a representative capacity on the DECEDENT'S behalf as a lawful successor-in-interest pursuant to California Code of Civil Procedure § 377.30 and § 377.60.  Plaintiff PALOMINO seeks damages for survival claims, wrongful death, and loss of familial relations. PALOMINO maintained a relationship with her father EDWARD BRONSTEIN.  PALOMINO would celebrate birthdays, holidays, and other major life celebrations with her father.  PALOMINO would receive support from her father to assist her with living expenses.

SECOND AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

7.     Plaintiff, I.M. ("I.M.") is a minor individual and is the natural born daughter to DECEDENT EDWARD BRONSTEIN.   Plaintiff I.M. sues by and through her Guardian Ad Litem, EDWARD TAPIA, pursuant to Federal Rules of Civil Procedure, Rule 17(c)(2). I.M. sues both in her individual capacity as the daughter of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT.   Plaintiff I.M. seeks damages for survival claims, wrongful death, and loss of familial relations. I.M. maintained a relationship with her father EDWARD BRONSTEIN.   I.M. would celebrate birthdays, holidays, and other major life celebrations with her father.   I.M. would receive support from her father to assist her with living expenses.

8.     Plaintiffs E.W. and L.W. are DECEDENT'S daughter and son, and bring survival claims in a representative capacity on the DECEDENT'S behalf as a lawful successors-in-interest pursuant to California Code of Civil Procedure § 377.30 and § 377.60. Plaintiffs E.W. and L.W. seek damages for individual and survival claims, wrongful death, and loss of familial relations.   At all relevant times, Plaintiffs E.W. and L.W., minors, individually and as Successors-In-Interest to DECEDENT, by and through their Guardian ad Litem AUNDREA CHERYL ROSA WAGNER were and are residents of Orange County"

9.     Plaintiff, E.W. is a minor individual and is the natural born daughter to DECEDENT.   Plaintiff, L.W. is a minor individual and is the natural born son to DECEDENT.   Plaintiffs E.W. and L.W. sue by and through their Guardian Ad Litem, AUNDREA CHERYL ROSA WAGNER, pursuant to Federal Rules of Civil Procedure, Rule 17(c)(2). Plaintiffs E.W. and L.W. sue both in their individual capacities as daughter and son of DECEDENT and in a representative capacity as successors-in-interest to DECEDENT.   Plaintiffs E.W. and L.W. seek damages for individual and survival claims, wrongful death, and loss of familial relations.

10.   DOE CHP OFFICERS 1 through 10, are duly sworn Peace Officers, and were specifically authorized by the CALIFORNIA HIGHWAY PATROL (hereinafter referred to as "CHP"), a governmental law enforcement agency organized and existing

1  under the laws of the State of California, to perform the duties and responsibilities of
2  sworn law enforcement Officers of the CHP, and all acts hereinafter complained of were
3  performed by each of them within the course and scope of their duties as officers of the
4  CHP.   DOE CHP OFFICERS 1 through 10 are also sued herein in their individual
5  capacity and in their official capacity as Peace Officers of the CHP.   Plaintiffs hereby
6  substitute DUSTY OSMANSON as DOE CHP OFFICER 1; CHRISTOPHER
7  SANCHEZ-ROMERO as DOE CHP OFFICER 2; ERIC VOSS as DOE CHP OFFICER
8  3; MARCIEL TERRY as DOE CHP OFFICER 4; DIONISIO FIORELLA as DOE CHP
9  OFFICER 5; CARLOS VILLANUEVA as DOE CHP OFFICER 6; DIEGO ROMERO
10 as DOE CHP OFFICER 7; JUSTIN SILVA as DOE CHP OFFICER 8; DARREN
11 PARSONS as DOE CHP OFFICER 9 and MICHAEL LITTLE as DOE CHP OFFICER
12 10.

13        11.   Plaintiffs are informed and believe that ARBI BAGHALIAN was employed
14 as a nurse with VITAL MEDICAL SERVICES, LLC who contracted with the State of
15 California or the CHP to do blood draws at the request of the CHP.   Plaintiffs allege that
16 at the time of the incident involving EDWARD BRONSTEIN, ARBI BAGHALIAN was
17 acting within scope of his employment with VITAL MEDICAL SERVICES

18        12.   Plaintiffs are informed and believe that Vital Medical Services, LLC
19 ("VITAL MEDICAL SERVICES") is a California LLC with a business address of 550
20 North Brand Blvd., Suite 1500, Glendale, CA 91203.

**III.**

**FACTS COMMON TO ALL CAUSES OF ACTION**

23        13.   PLAINTIFFS re-allege and incorporate by reference herein each and every
24 allegation contained herein above as though fully set forth herein in this cause of action.

25        14.   PLAINTIFFS allege that in the early morning hours of March 31, 2020,
26 Defendant DUSTY OSMANSON, conducted a traffic stop of DECEDENT EDWARD
27 BRONSTEIN on the I-5 in the County of Los Angeles.   Sometime after the traffic stop,
28 Defendant DUSTY OSMANSON took DECEDENT EDWARD BRONSTEIN into

custody.   DECEDENT EDWARD BRONSTEIN was then transported to the CHP Altadena Station.

15.   PLAINTIFFS further allege that later that morning, Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE took Decedent EDWARD BRONSTEIN to the garage area of the CHP Altadena Station.  PLAINTIFFS allege that Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE placed DECEDENT in a prone position and applied pressure on his back by placing their knees on him to forcefully obtain a blood sample from DECEDENT.  PLAINTIFFS allege that while Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE used excessive force on DECEDENT EDWARD BRONSTEIN to obtain a blood sample, he became non-responsive and lost consciousness. PLAINTIFFS allege that later that morning, EDWARD BRONSTEIN was pronounced dead following the incident involving Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE.

16.   PLAINTIFFS allege that the use of force against DECEDENT EDWARD BRONSTEIN by Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE was excessive and objectively unreasonable under the circumstances, because DECEDENT was unarmed, restrained, and surrounded by

uniformed peace officers, and DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time of his arrest and while he remained in the custody of the CHP.

17.     PLAINTIFFS     allege     that     Defendants     DUSTY     OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE did not timely summon medical care or permit medical personnel to treat Decedent EDWARD BRONSTEIN.

18.     The intentional, reckless, negligent, and unjustified use of excessive force by Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE was also a result of the negligent employment, negligent retention, and negligent supervision, of Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE by the California Highway Patrol.

19.     On or about August 19, 2020, Claims for Damages were presented to the STATE of CALIFORNIA, DEPARTMENT OF GENERAL SERVICES, on behalf of Plaintiffs EDWARD TAPIA, I.M., TAPIA-RUFENER and on September 16, 2020 on behalf of PALOMINO, in substantial compliance with Government Code § 910, et seq. At the time of the filing of this  Complaint, the claims had been denied.    Plaintiffs EDWARD TAPIA, I.M., TAPIA-RUFENER, and PALOMINO.

20.     On or about September 3, 2020, Plaintiffs E.W. and L.W.'s Claims for Damages were presented to the STATE of CALIFORNIA, DEPARTMENT OF GENERAL SERVICES, on their behalf in substantial compliance with Government Code § 910, et seq.  At the time of the filing of this Complaint, the claims had been denied.

SECOND AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

**FIRST CAUSE OF ACTION**

**FOURTH AMENDMENT VIOLATION OF FEDERAL CIVIL RIGHTS**

**EXCESSIVE USE OF FORCE [42 U.S.C. § 1983]**

**(By PLAINTIFFS as Successors-In-Interest of Decedent**

**Against Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE and ARBI BAGHALIAN)**

21.    PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

22.    This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to PLAINTIFFS and DECEDENT by the Fourth and Fourteenth Amendments of the United States Constitution.

23.    Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS , MICHAEL LITTLE, and nurse ARBI BAGHALIAN each of them, owed a legal duty under the U.S. Constitution not to use excessive force against DECEDENT.

24.    PLAINTIFFS alleges that Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE, and ARBI BAGHALIAN, and each of them, breached these aforementioned legal duties intentionally, in all their interactions with DECEDENT, on or about March 31, 2020, including, but not limited to, the use of excessive and unreasonable force upon DECEDENT while he was unarmed and restrained.

25. PLAINTIFFS herein allege that Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE, ARBI BAGHALIAN and each of them, breached these aforementioned duties, which constituted violations of the civil rights of the DECEDENT in violation of 42 U.S.C. § 1983, and in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

26. PLAINTIFFS herein allege that Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE and ARBI BAGHALIAN 's intentional use of excessive and unreasonable force upon DECEDENT, who was unarmed and restrained, was the legal cause of DECEDENT's death.

27. Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE, and ARBI BAGHALIAN, and each of them, violated DECEDENT'S civil rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, cruel and unusual punishment, nor the deprivation of life and liberty and denial of due process of law. The violation was under color of State and Federal law.  Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS MICHAEL LITTLE, and ARBI BAGHALIAN and each of them, acted in violation of the Fourth and Fourteenth Amendments of the United States Constitution when DECEDENT was subjected to excessive force and eventually died following his encounter with Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO

FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE, ARBI BAGHALIAN

28.    Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE and ARBI BAGHALIAN are liable for the excessive and unreasonable force used against the DECEDENT because each Defendant directly participated, integrally participated, and/or failed to intervene in the violation of the DECEDENTS' constitutional rights.

29.    DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

30.    As a result of the excessive use force by the Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE, and ARBI BAGHALIAN Decedent died.  PLAINTIFFS I.M., a minor, by and through her Guardian Ad Litem EDWARD TAPIA, EDWARD TAPIA, CHERYL TAPIA-RUFENER, BRIANNA PALOMINO, E.W. and L.W., Individually and as Successors-In-Interest to DECEDENT, EDWARD BRONSTEIN, were thereby deprived of their constitutional rights of familial relationship with Decedent.

31.    Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS , MICHAEL LITTLE and ARBI BAGHALIAN each of their actions, directly and proximately caused injuries and damages to PLAINTIFFS, as set forth herein.

32.    Defendants  DUSTY  OSMANSON,  CHRISTOPHER  SANCHEZ-
ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS
VILLANUEVA,  DIEGO  ROMERO,  JUSTIN  SILVA,  DARREN  PARSONS,
MICHAEL LITTLE ARBI BAGHALIAN, are individually liable for the violation of
DECEDENT and PLAINTIFFS' Civil Rights.

33.    As a direct and proximate result of the conduct of Defendants DUSTY
OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL
TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO,
JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE, and ARBI BAGHALIAN
DECEDENT has suffered the following injuries and damages for which PLAINTIFFS, as
successors-in-interest, may recover:

    a. Violation of DECEDENT'S Constitutional Rights under the Fourth and
Fourteenth Amendments to the United States Constitution to be free from
unreasonable  search  and  seizure  of  his  person,  cruel  and  unusual
punishment, nor the deprivation of life and liberty and denial of due
process of law.

    b. Violation of a detainee's right to medical care under the Fourth
Amendment, Fourteenth Amendment and Eight Amendment.

    c. Loss of life, loss of enjoyment of life, and pre-death pain and suffering, as
well as the life-long deprivation of DECEDENT'S comfort, support,
society, care, and sustenance.

    d. Conscious physical pain, suffering and emotional trauma during the
incident on March 31, 2020 suffered by DECEDENT.

34.    As a direct and proximate result of the conduct of Defendants DUSTY
OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL
TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO,
JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE, and ARBI BAGHALIAN

SECOND AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

each of them, PLAINTIFFS suffered damages as a proximate result of the death of EDWARD BRONSTEIN.

35.     PLANTIFFs are entitlted to an awared of attorneys' fees, costs and expenses under 42 U.S.C. § 1983, as a result of Defendant Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE, ARBI BAGHALIAN, for the    violation of DECEDENT's and PLAINTIFFS' Civil Rights.

## SECOND CAUSE OF ACTION

### FOURTEENTH AMENDMENT INTERFERENCE WITH FAMILIAL RELATIONS [42 U.S.C. §1983]

**(By PLAINTIFFS individually against Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE, and ARBI BAGHALIAN)**

36.     PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

37.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including, but not limited to, unwarranted state interference with the familial relationships of the DECEDENT.    Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE, ARBI BAGHALIAN acting under color of state law, violated PLAINTIFFS' Fourteenth Amendment right to be free from unwarranted interference

with their familial relationship with DECEDENT when they used excessive and unreasonable force, causing the DECEDENT's death and also acted with deliberate indifference to his medical needs.

38.     Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE ARBI BAGHALIAN, are liable for the violation of DECEDENT'S and PLAINTIFFS' Fourteenth Amendment rights because each Defendant directly participated, integrally participated, and/or failed to intervene in the use of excessive or unreasonable force against the DECEDENT, and further each was deliberately indifferent to his medical needs.

39.     As a direct and proximate cause of Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE and ARBI BAGHALIAN's conduct, PLAINTIFFS suffered damages.  PLAINTIFFS therefore seek compensatory damages under this claim in their individual capacity for their loss of familial relations with the DECEDENT.

40.     PLAINTIFFS also seeks costs of suit, interest, and statutory attorneys' fees under 42 U.S.C. §1988 under this claim.

///

///

///

///

///

///

///

///

SECOND AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

**THIRD CAUSE OF ACTION**

**NEGLIGENCE**

**(By PLAINTIFFS individually and as successors-in-interest against all Defendants, the STATE, CHP,**

**DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE, ARBI BAGHALIAN**

**AND VITAL MEDICAL SERVICES inclusive)**

**A.     NEGLIGENCE BY THE STATE OF CALIFORNIA, CHP AND ITS EMPLOYEES**

41.     PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

42.     At all times, each Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE owed DECEDENT the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

43.     Government Code § 820 provides that an employee of a public entity is liable for his or her acts or omissions to the same extent as a private person, and under Government Code § 815.2 the public entity that employs the individual is vicariously liable for the torts of its employee committed in the scope of employment.  All State claims asserted herein against Defendants STATE and CHP are presented pursuant to the STATE and CHP's vicarious liability for acts and omissions of its employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a), 820(a) and Civil Code § 43.

44.     At all times, each Defendants STATE, CHP and Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE owed DECEDENT the duty to act with reasonable care.

45.     These general duties of reasonable care and due care owed to DECEDENT by Defendants STATE, CHP and Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE, include but are not limited to the following specific obligations:

   a.  to refrain from using excessive and/or unreasonable force against DECEDENT;

   b.  to refrain from wrongfully arresting and/or detaining DECEDENT;

   c.  to refrain from abusing their authority granted them by law;

   d.  to refrain from violating DECEDENT and PLAINTIFFS' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

   e.  Not providing medical care when DECEDENT required such care.

46.     Additionally, these general duties of reasonable care and due care owed to PLAINTIFFS by Defendants STATE, CHP, and Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE, include but are not limited to the following specific obligations:

   a.  to properly and adequately hire, investigate, train, supervise, monitor and discipline their employees, agents, and/or CHP officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

b.  to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including PLAINTIFFS;

c.  to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth above.

PLAINTIFFS allege that the STATE, CHP and Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE can be vicariously liable pursuant to Government Code section 815.2., for the acts and omissions alleged in a. – c. above.

47.   Defendants STATE, CHP, and Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE, through their acts and omissions, breached each and every one of the aforementioned duties owed to DECEDENT and PLAINTIFFS.

48.   In doing the things herein alleged, and specifically by using excessive force without provocation, necessity or legal justification, in a manner that was likely to, and did in fact, cause decedent's death, Defendants, and each of them, acted with deliberate indifference to the results of their conduct.

49.   As a direct and proximate result of Defendants' negligence and wrongful death of DECEDENT, PLAINTIFFS sustained damages, and are entitled to relief as set forth at above.

**B.    NEGLIGENCE BY DEFENDANTS ARBI BAGHALIAN AND VITAL MEDICAL SERVICES**.

50.   Defendant VITAL MEDICAL SERVICES has a duty to operate and manage its employees as to prevent the acts and/or omissions alleged herein.  VITAL

17

MEDICAL SERVICES and ARBI BAGHALIAN owed Decedent EDWARD BRONSTEIN a duty of due care to protect his health and physical safety as he was in their care, custody, and control.  Because EDWARD BRONSTEIN was within VITAL MEDICAL SERVICES and ARBI BAGHALIAN's custody and control they had a special relationship with him which gave rise to a duty of care.

51.    Defendants VITAL MEDICAL SERVICES and ARBI BAGHALIAN were negligent in their administration of medical services at the request of the CHP. Defendants VITAL MEDICAL SERVICES and ARBI BAGHALIAN either failed to give medical care or gave such care that falls below the standard of reasonable care when they failed to discharge their duties as custodians and/or medical professionals. Plaintiffs further allege that ARBI BAGHALIAN and VITAL MEDICAL SERVICES failed to adequately document their interaction with Decedent.

52.    It was foreseeable that as a result of Defendants VITAL MEDICAL SERVICES and ARBI BAGHALIAN's acts and omissions, as described above, EDWARD BRONSTEIN had difficulty breathing during ARBI BAGHALIAN's taking of his blood.   Defendants VITAL MEDICAL SERVICES and ARBI BAGHALIA's breach of their duties proximately caused injuries and damages to Decedent EDWARD BRONSTEIN and PLAINTIFFS as alleged herein.

## FOURTH CAUSE OF ACTION
### WRONGFUL DEATH
**Pursuant to California Government Code §§ 815.2(a), 820(a); Civil Code § 43 and Code of Civil Procedure §§ 377.60, et seq.**
**(By PLAINTIFFS individually against all Defendants, the STATE, CHP, DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS MICHAEL LITTLE, VITAL MEDICAL SERVICES, and ARBI BAGHALIAN**, inclusive)

SECOND AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

53.     PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

54.     All State claims asserted herein against Defendants STATE and CHP are presented pursuant to the STATE and CHP's vicarious liability for acts and omissions of its employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a), 820(a) and Civil Code § 43.

55.     PLAINTIFFS further allege that Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to negligently inflicting physical injury upon DECEDENT as described herein, and negligently employing excessive force against DECEDENT when such force was unnecessary and unlawful.  All of these acts proximately caused DECEDENT'S death on or about March 31, 2020.

56.     As a direct and proximate result of the death of DECEDENT and the above-described conduct of Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE, and each of them, DECEDENT'S heirs, the PLAINTIFFS herein, have sustained substantial economic damages and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services and support of DECEDENT in an amount according to proof at trial.

57.     As a further direct and proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of DECEDENT, PLAINTIFFS have incurred funeral and burial expenses in an amount according to proof at trial.

58.     PLAINTIFFS further allege that nurse ARBI BAGHALIAN and VITAL MEDICAL SERVICES, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to negligently inflicting physical injury upon DECEDENT as described herein, and negligently employing excessive force against DECEDENT, failing to monitor his condition, and failing to prevent his death.   All of these acts proximately caused DECEDENT'S death on or about March 31, 2020.

## FIFTH CAUSE OF ACTION

**ASSAULT AND BATTERY**

**(By PLAINTIFFS as successors-in interest against Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS , MICHAEL LITTLE and ARBI BAGHALIAN)**

59.     PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

60.     The actions and omissions of Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE, as set forth above constitute assault and battery.

61.     As a direct and proximate result of Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE assault and battery of DECEDENT, DECEDENT sustained injuries and damages, and is entitled to relief as set forth above.

62.    PLAINTIFFS are informed and believe and based thereon allege that DECEDENT EDWARD BRONSTEIN had not consented to a blood draw, nevertheless nurse ARBI BAGHALIAN of VITAL MEDICAL SERVICES proceeded to withdraw blood from EDWARD BRONSTEIN despite the lack of consent.  Further, PLAINTIFFS alleged that the force used on EDWARD BRONSTEIN for the blood draw was excessive.  PLAINTIFFS further allege that ARBI BAGHALIAN assaulted and battered EDWARD BRONSTEIN in the process of doing the non-consensual blood draw.

## SIXTH CAUSE OF ACTION

**Civil Conspiracy under Federal Law, Pursuant to 42 U.S.C. §§ 1983, 1985**
**[By PLAINTIFFS individually and as successors-in-interest against**
**Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO,**
**ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS**
**VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS**
**MICHAEL LITTLE, and ARBI BAGHALIAN, inclusive.]**

63.    PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

64.    PLAINTIFFS assert this Cause of Action for Conspiracy to violate civil rights, as DECEDENT'S successors in interest, pursuant to 42 U.S.C. §§ 1983, 1985, and California Code of Civil Procedure § 377.20 et seq.

65.    PLAINTIFFS allege that Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE and ARBI BAGHALIAN entered into a civil conspiracy and agreement, to violate the civil rights of DECEDENT EDWARD BRONSTEIN when they exercised excessive force against DECEDENT, thereby causing his death.

21

66.    As such, all of the Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE and ARBI BAGHALIAN's actions were consistent with an agreement to apply excessive force, regardless of the circumstances, against DECEDENT EDWARD BRONSTEIN.    PLAINTIFFS further allege that Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE took affirmative steps to obfuscate facts and the circumstances surrounding the death of DECEDENT.

67.    Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE, and ARBI BAGHALIAN inclusive, are legally responsible for, and indeed proximately and legally caused, the damages alleged herein for the reasons alleged above and incorporated herein by reference.

## SEVENTH CAUSE OF ACTION

**42 U.S.C Section 1983 – Due Process – Fourth Amendment -Failure to Provide Medical Care**

**[By PLAINTIFFS individually and as successors-in-interest against Defendants DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE, VITAL MEDICAL SERVICES ARBI BAGHALIAN inclusive.**

68.    PLAINTIFFS re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

69.    PLAINTIFFS are informed and believe and based thereon allege that the State of California and the CHP retained and contracted VITAL MEDICAL SERVICES to provide certain services, including but not limited to doing blood draws. PLAINTIFFS further allege that ARBI BAGHALIAN was employed or was an agent of VITAL MEDICAL SERVICES on day of the incident involving EDWARD BRONSTEIN.

70.    PLAINTIFFS are informed and believe and based thereon allege that on or about March 31, 2020, ARBI BAGHALIAN was called to the Altadena CHP station to do a blood draw.   Plaintiffs allege that EDWARD BRONSTEIN did not consent to a blood draw.    Plaintiffs further allege that DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE restrained EDWARD BRONSTEIN while ARBI BAGHALIAN forcibly drew blood from EDWARD BRONSTEIN.    While ARBI BAGHALIAN forcibly withdrew blood from EDWARD BRONSTEIN, EDWARD BRONSTEIN yelled that he had difficulty breathing and that he would consent to the blood draw if force was no longer used on him.    Despite EDWARD BRONSTEIN's pleas that he could not breathe, ARBI BAGHALIAN, continued with the blood draw.   EDWARD BRONSTEIN became unresponsive and stopped breathing.   EDWARD BRONSTEIN was subjected to excessive force during the blood draw.

71.    PLAINTIFFS allege that despite EDWARD BRONSTEIN's pleas that he could not breath and his condition was deteriorating, CHP Officers DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE and nurse ARBI BAGHALIAN, took no actions or precautions to prevent EDWARD BRONSTEIN from dying.    PLAINTIFFS are informed and based thereon allege that EDWARD

BROSNTEIN was not monitored or adequately monitored while his blood was forcibly taken.

72.    CHP Officers DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE and nurse ARBI BAGHALIAN were indifferent to EDWARD BRONSTEIN's medical needs by failing to provide medical treatment and life saving measures to prevent his death.   EDWARD BRONSTEIN should have been monitored, evaluated, and given medical care to prevent his death while he was undergoing a forcible blood raw.   Such acts and omissions were in violation of EDWARD BRONSTEIN's rights under Fourth and Fourteenth Amendments.   Plaintiffs further allege that EDWARD BRONSTEIN at the time of the incident was a post-arrest detainee that had not been arraigned.

73.    In doing the acts and/or omissions herein alleged, Defendants VITAL MEDICAL SERVICES and ARBI BAGHALIAN failed to provide EDWARD BRONSTEIN the medical care he needed to prevent his death.  The actions and inactions of VITAL MEDICAL SERVICES and ARBI BAGHALIAN resulted in the violation of EDWARD BRONSTEIN's rights under the Fourth Amendment and Fourteenth Amendment of the United States Constitution.   As a result thereof, PLAINTIFFS are entitled to damages pursuant to 42 U.S.C. section 1983 in an amount to be proven at trial.

///

///

///

///

///

///

SECOND AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

# PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS requests entry of judgment in her favor and against Defendants the STATE, CHP, DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS and MICHAEL LITTLE, and VITAL MEDICAL SERVICES and ARBI BAGHALIAN inclusive, as follows:

     i.    For compensatory damages, including both survival damages and wrongful death damages under federal law, in the amount to be proven at trial;

     ii.    For survival damages under federal law, including damages for pre-death pain and suffering, loss of enjoyment of life, and loss of life, in a sum according to proof at trial;

     iii.    For wrongful death damages under state and federal law, in a sum according to proof at trial;

     iv.    For past, present, and future non-economic damages;

     v.    For attorneys' fees under §1988;

     vi.    For funeral and burial expenses, and loss of financial support;

     vii.    For other general damages in an amount according the proof at trial;

     viii.    For other special damages in an amount according to proof at trial;

     ix.    For reasonable costs of this suit; and

     x.    For such further other relief as the Court may deem just, proper, and appropriate.

///

///

SECOND AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

Dated: February 1, 2022                    CARRILLO LAW FIRM, LLP

                                           By:    /s/ J. Miguel Flores
                                                  LUIS A. CARRILLO,
                                                  J. MIGUEL FLORES[1],
                                                  Attorneys for Plaintiffs


Dated:  February 1, 2022            LAW OFFICES OF ANNEE DELLA DONNA

                                    By: ___/s/  Annee Della Donna_____
                                         ANNEE DELLA DONNA
                                         Attorney for Plaintiffs E.W. &
                                         L.W., Minors, et al.


Dated: February 1, 2022                    DUBIN LAW FIRM

                                    By: _____/s/  Eric J. Dubin_____
                                         ERIC J. DUBIN,
                                         Attorney for Plaintiffs E.W. &
                                         L.W., Minors, et al.
.

Dated: February 1, 2022                    FARNELL & NORMAN

                                    By: ___/s/  Ronald E. Norman _____
                                         RONALD E. NORMAN,
                                         Attorney for Plaintiffs E.W. &
                                         L.W., Minors, et al.

---

1.  As the filer of this Second Amended Consolidated Complaint, I, J. Miguel Flores, attest that Annee Della Donna, Eric J. Dubin, and Ronald E. Norman concur in the content of this Second Amended Consolidated Complaint and have authorized its filing.

SECOND AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

The PLAINTIFFS named herein hereby demands a trial by jury.

Dated: February 1, 2022                    CARRILLO LAW FIRM, LLP


By:  /s/ J. Miguel Flores_____
Luis A. Carrillo, Esq.
J. Miguel Flores, Esq.
Attorneys for Plaintiffs

Dated:  February 1, 2022               LAW OFFICES OF ANNEE DELLA DONNA


By: ___/s/__Annee Della Donna_____
ANNEE DELLA DONNA,
Attorney for Plaintiffs E.W. &
L. W., Minors, et al.

Dated:  February 1, 2022               DUBIN LAW FIRM


By: _____/s/  Eric J. Dubin_____
ERIC J. DUBIN,
Attorney for Plaintiffs E.W. &
L. W., Minors, et al.

Dated:  February 1, 2022               FARNELL & NORMAN


By: ___/s/  Ronald E. Norman_____
RONALD E. NORMAN,
Attorney for Plaintiffs E.W. &
L. W., Minors, et al.

SECOND AMENDED CONSOLIDATED COMPLAINT FOR DAMAGES