| | |
|---|---|
| 1 | ROB BONTA<br>Attorney General of California |
| 2 | PAMELA J. HOLMES<br>Supervising Deputy Attorney General |
| 3 | SHIRLEY R. SULLINGER<br>Deputy Attorney General |
| 4 | State Bar No. 219879<br>  300 South Spring Street, Suite 1702 |
| 5 |   Los Angeles, CA  90013-1230<br>  Telephone: (213) 269-6609 |
| 6 |   Fax: (916) 731-2120<br>  E-mail: Shirley.Sullinger@doj.ca.gov |
| 7 | *Attorneys for Defendant and Third Party Plaintiff* |
| 8 | *State of California, acting by and through the California Highway Patrol (erroneously sued and served as State of California and California* |
| 9 | *Highway Patrol)* |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **I.M., a minor, by and through her Guardian Ad Litem, EDWARD TAPIA, EDWARD TAPIA, CHERYL TAPIA-RUFENER, and BRIANA PALOMINO, Individual and as Successors-In-Interest to Decedent, EDWARD BRONSTEIN,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE of CALIFORNIA, a public entity, CALIFORNIA HIGHWAY PATROL, a public entity, DOE CHP OFFICERS 1 - 10 and DOES 11 - 20, Inclusive,**<br><br>Defendants, | 2:20-cv-11174 FMO (JEMx)<br><br>**THIRD PARTY COMPLAINT FOR:**<br><br>**1. EQUITABLE INDEMNITY**<br><br>**2. CONTRIBUTION AND APPORTIONMENT OF FAULT**<br><br>**3. DECLARATORY RELIEF**<br><br>**4. PROFESSIONAL NEGLIGENCE**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>Judge:       The Honorable Fernando M. Olguin<br>Trial Date: 12/13/2022<br>Action Filed: 12/17/2020 | |
| **E.W. and L.W., Minors, by and through their Guardian Ad Litem, AUNDREA CHERYL ROSA WAGNER, individually and as Successor-In-Interest to Decedent,** | | |

| | |
|---|---|
| 1 | **EDWARD BRONSTEIN,** |
| 2 | Plaintiffs, |
| 3 | v. |
| 4 | |
| 5 | **STATE of CALIFORNIA, a public entity, CALIFORNIA HIGHWAY PATROL, a public entity, DOE CHP OFFICERS 1 - 10, Inclusive,** |
| 6 | |
| 7 | |
| 8 | Defendants. |
| | **State of California, acting by and through the California Highway Patrol,** |
| 9 | |
| 10 | |
| 11 | **Third Party Plaintiff,** |
| 12 | v. |
| 13 | **ARBI BAGHALIAN, R.N., a California licensed registered nurse, VITAL MEDICAL SERVICES, LLC, a California limited liability company, and Roes 1 through 10, Inclusive,** |
| 14 | |
| 15 | |
| 16 | **Third Party Defendants**. |

Third-Party Plaintiff and Defendant STATE OF CALIFORNIA, ACTING BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL (Third-Party Plaintiff), for causes of action against Third-Party Defendants ARBI BAGHALIAN, R.N., a California licensed registered nurse (R.N.), VITAL MEDICAL SERVICES, LLC, a California limited liability company, and Roes 1 through 10, inclusive, and each of them, alleges:

## I.

## THE PARTIES

1.  Third-Party Plaintiff is informed and believes, and thereon alleges, that ARBI BAGHALIAN, R.N., a California licensed registered nurse (License No. 95186174), VITAL MEDICAL SERVICES, LLC, a California limited liability

company, and Roes 1 through 10, inclusive, and each of them, is, and at all relevant times were individuals residing and entities engaged in business in the County of Los Angeles.

2. Third-Party Plaintiff is informed and believes, and thereon alleges, that Third-Party Defendant VITAL MEDICAL SERVICES, LLC, a California limited liability company, is, and at all relevant times was a corporation, partnership, or entity operating in the County of Los Angeles.

3. Third-Party Plaintiff does not know the true names and capacities of Third-Party Defendants Roes 1 through 10, inclusive, whether individual, corporate, partnerships, or otherwise, and therefore sues these Third-Party Defendants by such fictitious names.

4. Third-Party Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Third-Party Defendants are, in some manner, responsible for the events and happenings referred to herein, either contractually or tortiously. When Third-Party Plaintiff ascertains the true names and capacities of Third-Party Defendants Roes 1 through 10, it will amend this Third-Party Complaint accordingly.

5. Third-Party Plaintiff is informed and believes, and thereon alleges, that each of the Roe Third-Party Defendants is, and at all times pertinent hereto was, the agent, servant, employee, representative, joint venturer, alter ego, and/or partner of one or more of the Roe Third-Party Defendants, and in doing the things alleged herein, was acting within the course and scope of employment and scope of authority conferred upon that party by consent, approval, and/or ratification of one of the Third-Party Defendants, whether said authority was actual or apparent.

6. Third-Party Plaintiff refers to and incorporates by reference the Plaintiffs' Second Amended Consolidated Complaint (SACC) for damages on file herein as though fully set forth herein. Third-Party Plaintiff does not allege the truth

of said allegations of the SACC for damages, but merely sets forth the SACC for damages as the claims and allegations of the Plaintiffs in this action.

## II.

## JURISDICTION

7. The Court has jurisdiction in this Third-Party Complaint, which is brought to redress indemnity issues arising from federal question, including alleged violations of the Fourth and Fourteenth Amendments of the United States Constitution as protected by 42 U.S.C. § 1983.

8. The Court has supplemental jurisdiction over the California state law causes of action asserted in this Third-Party Complaint pursuant to 28 U.S.C. § 1367(a).

## III.

## VENUE

9. Venue is proper in the United States District Court, Western Division of the Central District of California pursuant to 28 U.S.C. § 1391(b) as the acts and injuries complained of herein occurred in the County of Los Angeles, State of California.

## IV.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Plaintiffs, I.M., a minor, by and through her Guardian Ad Litem, EDWARD TAPIA, EDWARD TAPIA, CHERYL TAPIA-RUFENER, and BRIANA PALOMINO, Individuals and as Successors-In-Interest to Decedent, EDWARD BRONSTEIN, and Plaintiffs, E.W. and L.W., minors, by and through their Guardian Ad Litem, AUNDREA CHERYL ROSA WAGNER, individually and as Successors-In-Interest to Decedent, EDWARD BRONSTEIN (decedent), collectively Plaintiffs herein, filed the operative SACC on February 2, 2022, and is fully incorporated as though fully pleaded herein. Dkt. 85.

11. Third-Party Plaintiff is informed and believes, and thereon alleges, that on or about March 31, 2020, at approximately 1:00 a.m., California Highway Patrol (CHP) officers conducted a traffic enforcement stop of the decedent for driving under the influence of drugs and alcohol on Interstate 5 highway in the County of Los Angeles. Decedent was placed under arrest for violation of Cal. Veh. Code § 23152(g) for driving under the influence of drugs and alcohol. After officers advised decedent of the requirement to submit to a chemical test, specifically Cal. Veh. Code § 23612, decedent chose to submit a blood test. CHP officers transported the decedent to the CHP Altadena field office.

12. Third-Party Plaintiff is informed and believes, and thereon alleges, that the decedent withdrew his consent to submit to a blood test. CHP officers obtained a search warrant to obtain the decedent's blood. Officers contacted Third-Party Defendant VITAL MEDICAL SERVICES, LLC to provide a nurse to draw the decedent's blood pursuant to the search warrant. In response, Third-Party Defendant VITAL MEDICAL SERVICES, LLC provided ARBI BAGHALIAN, R.N., a licensed nurse with the California Board of Nursing, to the CHP Altadena field office, to draw the decedent's blood.

13. Third-Party Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Third-Party Defendant ARBI BAGHALIAN, R.N. drew two vials of blood from the decedent. At all relevant times, decedent was physically and verbally resisting before and during the blood draw. At all relevant times, during the blood draw by Third-Party Defendant ARBI BAGHALIAN, R.N., decedent was in a prone position, restrained by handcuffs and officers. Prior to the completion of the blood draw by Third-Party Defendant ARBI BAGHALIAN, R.N., the decedent became unresponsive, stopped breathing and his pulse stopped. Third-Party Defendant ARBI BAGHALIAN, R.N. performed chest compressions and assisted breathing with a bag valve mask on the decedent. Officers requested fire department and paramedic personnel to the CHP Altadena field office, where fire

and paramedic personnel performed life saving measures upon arrival. Decedent did not regain consciousness and was pronounced dead on scene.

14. Third-Party Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Third-Party Defendant ARBI BAGHALIAN, R.N. negligently failed to exercise the proper degree of knowledge, skill and competence in examining, diagnosing, treating and caring for the decedent as a registered nurse in the community would have acted under similar conditions. At all relevant times, Third Party Defendants ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 to 10, and each of them, represented themselves as competent registered nurses with the proper skill and competence to examine, diagnose, treat, and care for the decedent.

15. Third-Party Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Third-Party Defendants ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, inclusive, and each of them, lacked the necessary knowledge and skill to properly diagnose decedent's condition before, during, or after drawing blood from the decedent. Third-Party Defendants ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, inclusive, and each of them, failed to properly check the decedent's vitals before drawing blood, failed to recognize that the decedent's vitals and condition did not render him proper for drawing blood, failed to properly recognize and diagnose the decedent as having consumed recreational and/or prescribed drugs and alcohol impacting the decedent's vitals, failed to properly diagnose and treat decedent's acute drug intoxication, failed to recognize decedent's agonal breathing immediately upon the blood draw, and failed to take charge of life-saving measures as the lead medical professional on the scene before the fire department and paramedic personnel's arrival on scene.

16. Plaintiffs allege that Third-Party Plaintiff is responsible for the wrongful death of decedent. Plaintiffs allege Third-Party Plaintiff has violated the United

States Constitution, Fourth Amendment, Fourteenth Amendment, statutory claims for 42 U.S.C. §§ 1983 and 1985, and state law claims for wrongful death and negligence. Third-Party Plaintiff expressly disputes these allegations and claims.

17. Third-Party Plaintiff denies that it or its employees had any duty or special relationship with Plaintiffs, decedent, or any other persons involved in the acts or omissions alleged in Plaintiffs' SACC, or, if any such duty existed, denies that it or its employees breached any duties toward Plaintiffs, decedent, or any other persons involved in the acts or omissions alleged in Plaintiffs' SACC, and denies that Plaintiffs or decedent suffered any damages as a result of any acts or omissions by the Third-Party Plaintiff or its employees.

18. Nevertheless, Third-Party Plaintiff files this Third-Party Complaint, in the event that this lawsuit proceeds, in whole or in part, before this Court or in some other forum, to preserve the Third-Party Plaintiff's rights and defenses against Third-Party Defendants ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, inclusive, and each of them.

19. Third-Party Plaintiff is informed and believes, and thereon alleges, that Third-Party Defendants ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, inclusive, and each of them, took actions or omitted to take actions that caused and/or are legally responsible for the alleged acts or omissions that are the subject matter of Plaintiffs' SACC in this matter; the damages allegedly incurred by Plaintiffs and decedent in this matter; to the extent such damages actually have been or will be incurred; and/or any additional damages of a manner, type, and/or amount not yet known to Third-Party Plaintiff.

20. Third-Party Plaintiff is informed and believes, and thereon alleges, that Third-Party Defendants ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, inclusive, and each of them, were duly licensed medical professionals, owed a duty of care to the decedent, Plaintiffs, and other persons involved in the acts or omissions alleged in Plaintiffs' SACC, and

breached their duty of care, when their actions and omissions fell below the applicable standard of care for a skilled, trained, licensed, and registered medical professional. Third-Party Plaintiff is informed and believes, and thereon alleges, that Third-Party Defendants' breach of the duty of care caused and contributed to the decedent's death, including but not limited to failure to examine and diagnose the decedent before drawing blood; failure to assess whether drawing blood was proper; administration of a blood draw on the decedent in an improper position; failure to position the decedent properly; failure to properly monitor the decedent's vitals before during, and after the blood draw; negligently performing the blood draw while the decedent was or became unresponsive or unconscious; and failure to provide proper medical care and treatment to the decedent.

21. Third-Party Plaintiff is informed and believes, and thereon alleges, that the acts and omissions of Third-Party Defendants caused and contributed to decedent's death. The acts and omissions of Third-Party Defendants resulted in damages to Third-Party Plaintiff, Plaintiffs, decedent, and other persons involved in the acts or omissions alleged in Plaintiffs' SACC. As a direct and proximate result of Third Party Defendants' professional negligence, decedent died on March 31, 2020. Third Party Defendants' breach of the applicable standard of care was a substantial factor in bringing about the decedent's injuries. As a direct and proximate result of the professional negligence of Third Party Defendants, Third Party Plaintiff has incurred damages, attorneys' fees, expenses, and costs in defending the subject lawsuit by Plaintiffs.

22. Third-Party Plaintiff is informed and believes, and thereon alleges, that Third-Party Defendants ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, inclusive, and each of them, negligently hired, trained, supervised, and retained said Third-Party Defendants, and as a result, caused and contributed to the decedent's death, which resulted in damages to Third-

Party Plaintiff, Plaintiffs, decedent, and other persons involved in the acts or omissions alleged in Plaintiffs' SACC.

V.

# FIRST CAUSE OF ACTION

## Against Third-Party Defendants ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10,

## For Equitable Indemnity

23.  Third-Party Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 22, inclusive, of this Third-Party Complaint.

24.  Third-Party Plaintiff is informed and believes, and thereon alleges, that, to the extent Plaintiffs, decedent, or anyone else has suffered injury or damage as a result of the acts, omissions, incidents and/or occurrences alleged in Plaintiffs' SACC, Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, were responsible, in whole or in part, for such injury or damage.

25.  In the event that any party should establish the Third-Party Plaintiff's liability directly or indirectly through the conduct, acts, or omissions of its employees, which liability the Third-Party Plaintiff expressly denies, that liability will arise solely by reason of the acts, omissions, conduct and negligence of Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them.

26.  Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them, are, therefore, bound and obligated to defend, indemnify, and hold harmless the Third-Party Plaintiff, in whole or in part, from any and all claims, losses, damages, judgment, and settlement expenses incurred or to be incurred in this action by the Third-Party Plaintiff.

## VI.

## SECOND CAUSE OF ACTION

### Against Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10,

### For Contribution and Apportionment of Fault

27. Third-Party Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 26, inclusive, of this Third-Party Complaint.

28. Third-Party Plaintiff is informed and believes, and thereon alleges, that, to the extent Plaintiffs, decedent, or anyone else has suffered injury or damage as a result of the acts, omissions, incidents and/or occurrences alleged in Plaintiffs' SACC, Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them, were responsible, in whole or in part, for such injury or damage.

29. In the event that any party should establish the Third-Party Plaintiff's liability directly or indirectly through the conduct, acts, or omissions of its employees, which liability Third-Party Plaintiff expressly denies, Third-Party Plaintiff is informed and believes, and thereon alleges, that it may be obligated to pay or contribute sums representing a percentage of liability not its own, but rather that of Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them. Therefore, the Third-Party Plaintiff requests an adjudication and determination of the respective degrees of liability, if any, on the part of itself, Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them, to determine that portion of the amount, if any, by which the Third-Party Plaintiff is found liable to Plaintiffs, decedent, or any other party, that actually represents a proportionate degree of default of Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them.

# VII.

# THIRD CAUSE OF ACTION

## Against Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them For Declaratory Relief

30.  Third-Party Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 29, inclusive, of this Third-Party Complaint.

31.  A determination of the proportionate degree of liability, if any, of the Third-Party Plaintiff and its employees, on the one hand, and of Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them, on the other hand, is necessary to protect the Third-Party Plaintiff's rights against Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them. If any party herein establishes the Third-Party Plaintiff's liability directly or indirectly through the conduct, acts, or omissions of its employees, which liability the Third-Party Plaintiff expressly denies, the Third-Party Plaintiff will be damaged in the amount recovered. In such event, the Third-Party Plaintiff is entitled to recover such amounts from Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them, together with the Third-Party Plaintiff's costs.

32.  An actual controversy has arisen and now exists relating to the legal rights and duties of the Third-Party Plaintiff and Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them. Third-Party Plaintiff desires a judicial declaration of the respective rights and duties of the Third-Party Plaintiff, Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them, on the issues described above. Such a declaration is necessary and appropriate at this time in order that the Third-Party Plaintiff may

ascertain its rights and duties with respect to claims against it, including its rights to defense, indemnity, reimbursement, and damages from Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them.

## VIII.

## FOURTH CAUSE OF ACTION

### Against Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them

### For Professional Negligence

33. Third-Party Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 32, inclusive, of this Third-Party Complaint.

34. Third-Party Plaintiff is informed and believes, and thereon alleges, that, Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them, duly licensed in this state, owed a duty to use such skill, prudence, and diligence as other members of his or her profession commonly possess and exercise while performing the blood draw on the decedent, breached that duty to exercise skill, prudence, and diligence in performing a blood draw from the decedent, a breach of that duty was the proximate causal connection between Third-Party Defendants' negligent conduct and decedent's death and damages, and Third-Party Plaintiff sustained actual loss and damages resulting from Third-Party Defendants' professional negligence, not limited to defending itself against proceedings and actions by Plaintiffs and decedent's successors-in-interest.

## IX.

## PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiff prays for judgment against Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them, as follows:

1. For damages and indemnification according to proof at trial;

2. For an order defining the Third-Party Plaintiff's rights and obligations and a declaration of the respective rights and duties of Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them, and that the Third-Party Plaintiff is entitled to indemnity and/or contribution from Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them, in proportion to the percentage of liability attributable to Third-Party Defendants, ARBI BAGHALIAN, R.N., VITAL MEDICAL SERVICES, LLC, and Roes 1 through 10, and each of them.

3. For reasonable costs of suit, attorneys' fees, expenses incurred in the prosecution of this Third-Party Complaint; and

4. For such other and further relief as the Court may deem just and proper.

Dated: February 2, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
PAMELA J. HOLMES
Supervising Deputy Attorney General

/s/ Shirley R. Sullinger

SHIRLEY R. SULLINGER
Deputy Attorney General
*Attorneys for Defendant and Third Party Plaintiff State of California, acting by and through the California Highway Patrol (erroneously sued and served as State of California and California Highway Patrol)*

LA2020603281

## DEMAND FOR JURY TRIAL

Third-Party Plaintiff STATE OF CALIFORNIA, ACTING BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL hereby demands a jury trial in this matter.

Dated: February 2, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
PAMELA J. HOLMES
Supervising Deputy Attorney General

/s/ Shirley R. Sullinger

SHIRLEY R. SULLINGER
Deputy Attorney General
*Attorneys for Defendant and Third Party Plaintiff State of California, acting by and through the California Highway Patrol (erroneously sued and served as State of California and California Highway Patrol)*