1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.M., a minor, by and through her Guardian Ad Litem, EDWARD TAPIA, EDWARD TAPIA, CHERYL TAPIA-RUFENER and BRIANNA PALOMINO, Individually and as Successors-In-Interest to Decedent, EDWARD BRONSTEIN, <br><br> Plaintiffs, <br><br> vs. <br><br> DOE CHP OFFICERS 1-10, and DOES 11-20, Inclusive, <br><br> Defendants. | ) CASE NO: 2:20-cv-11174 FMO (JEMx) <br> ) <br> ) <br> ) FIRST AMENDED <br> ) <br> ) STIPULATION RE: <br> ) <br> ) PROTECTIVE ORDER <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| E.W. and L.W., Minors, by and through their Guardian Ad Litem, AUNDREA CHERYL ROSA WAGNER, Individually and as Successors-In-Interest to Decedent, EDWARD BRONSTEIN <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA, a public entity; CALIFORNIA HIGHWAY PATROL, a public entity; DOE CHP OFFICERS 1-10, AND DOES 11-20, inclusive, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

---

FIRST AMENDED STIPULATION RE: [PROPOSED] PROTECTIVE ORDER
- 1-

Plaintiffs I.M., a minor, by and through her Guardian Ad Litem, EDWARD TAPIA, EDWARD TAPIA, CHERYL TAPIA-RUFENER and BRIANNA PALOMINO, E.W., a minor, by and through her Guardian Ad litem Aundrea Cheryl Rosa Wagner, L.W., a minor, by and through his Guardian Ad Litem Aundrea Cheryl Rosa Wagner, Individually and as Successors-In-Interest to Decedent, EDWARD BRONSTEIN, and Defendants STATE OF CALIFORNIA, ACTING BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL, a public entity, DUSTY OSMANSON, CHRISTOPHER SANCHEZ-ROMERO, ERIC VOSS, MARCIEL TERRY, DIONISIO FIORELLA, CARLOS VILLANUEVA, DIEGO ROMERO, JUSTIN SILVA, DARREN PARSONS, MICHAEL LITTLE, (collectively "CHP DEFENDANTS") and ARBI BAGHALIAN and VITAL MEDICAL SERVICES, LLC, (collectively the "VITAL DEFENDANTS") by and through their respective counsel, hereby stipulate and agree as follows:

1.    **A.**    <u>**PURPOSES AND LIMITATIONS**</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not automatically entitle them to file confidential information under seal and that Local Civil Rule 79-5 sets forth the

procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. The parties agree that this protective order does not waive the parties' rights to object to discovery demands or requests for documents and/or information.

### B.     GOOD CAUSE STATEMENT

The CHP DEFENDANTS, may be producing documents concerning confidential internal policies, which documents are generally unavailable to the public. The disclosure of this information may jeopardize the security of the State's operations, and jeopardize the safety of peace officers. The CHP DEFENDANTS may also be producing documents that contain personal and confidential information regarding individuals which information is generally unavailable to the public, including peace officer personnel records. The disclosure of this information to the public may violate those individuals' privacy rights. The CHP DEFENDANTS may also be producing video, audio and still photo images related to the traffic stop or the death at issue in this Action, which is generally unavailable to the public. Additionally, the CHP DEFENDANTS may be producing investigation reports, which are generally unavailable to the public, the disclosure of which could violate individuals' privacy rights and jeopardize the safety of officers.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in

FIRST AMENDED STIPULATION RE: [PROPOSED] PROTECTIVE ORDER
- 3-

a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

In addition, the VITAL DEFENDANTS, may be producing documents concerning confidential internal policies and proprietary information, which documents are generally unavailable to the public. The disclosure of this information may jeopardize the operations of the VITAL MEDICAL SERVICES, LLC.  The VITAL DEFENDANTS may also be producing documents that contain personal and confidential information regarding individuals which information is generally unavailable to the public, including personnel and medical records. The disclosure of this information to the public may violate those individuals' privacy rights. The VITAL DEFENDANTS may also be producing video, audio and still photo images related to the death at issue in this Action, which is generally unavailable to the public. Additionally, the VITAL DEFENDANTS may be producing reports, medical information, and data, which are generally unavailable to the public.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.     DEFINITIONS**

**2.1     Action**: I.M., et al. v. State of California, et al. Case No. 2:20-cv-11174

**2.2** **Challenging Party**: A Party or Non-Party that challenges the designation of information or items under this Order.

**2.3** **"CONFIDENTIAL" Information or Items:** Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. This also includes: (1) any information copied or extracted from the Confidential Information; (2) all copies, excerpts, summaries, abstracts or compilations of Confidential Information; and (3) any testimony, conversations, or presentations that might reveal Confidential Information.

**2.4** **Counsel**: Counsel of record for the parties to this civil litigation and their support staff.

**2.5** **Designating Party**: A Party or Non-Party that designates information or items that it produces in disclosures, in responses to discovery, or pursuant to court order as "CONFIDENTIAL."

**2.6** **Disclosure or Discovery Material**: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7** **Expert**: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness, or as a consultant in this Action.

**2.8** **Final Disposition**: Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**2.9** **House Counsel**: Attorneys other than Counsel (as defined in paragraph 2.4) and who are employees of a party to this Action.

**2.10** **Non-Party**: Any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

**2.11** **Outside Counsel of Record**: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

**2.12** **Party**: Any party to this Action, including all of its officers, directors, boards, departments, divisions, employees, consultants, retained experts, and Outside Counsel of Record and their support staffs.

**2.13** **Producing Party**: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.14** **Professional Vendors**: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.15** **Protected Material**: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**2.16** **Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.** **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material, as defined above, but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, abstracts, summaries, or compilations of Protected Material; and (3) any deposition testimony,

conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Once a trial commences in this Action, and subject to any court order stating otherwise, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order, and admitted at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial as to the CONFIDENTIAL information and materials admitted as an exhibit at trial. As to all other information designated as CONFIDENTIAL, even after the FINAL DISPOSITION of this litigation, the confidentiality obligations imposed by this protective order shall remain in effect even after FINAL DISPOSITION of this litigation as defined in Section 2.8, until a Designating Party agrees otherwise in writing or a court otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

### 5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material

that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**5.2** **<u>Manner and Timing of Designations.</u>** Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or words of a similar effect, and that includes the case name and case number (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s), e.g., by making appropriate markings in the margins.

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3   Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1** **Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**6.2** **Meet and Confer**. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

**6.3** The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1** **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2** **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to prosecute or defend this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary to prosecute or defend this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Ex. A);

(c) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Ex. A);

(g) the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information;

(h) witnesses and attorneys for witnesses during their depositions, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit "A" hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit "A"), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter, and may not be disclosed to anyone, except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Ex. A).

**7.3.** Counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreement until sixty (60) days after this litigation has become final, including any appellate review, and monitoring of an injunction. Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original or electronic signature page upon reasonable written notice from opposing counsel. If an issue arises regarding a purported unauthorized disclosure of Confidential Information, upon noticed motion of contempt filed by the Designating Party, counsel for the Receiving Party may be required to file the signed Nondisclosure Agreements, as well as a list of the disclosed materials, in camera with the Court having jurisdiction of the Stipulation.

**7.4** <u>**Certain Court Orders**</u>

On November 24, 2021, Plaintiffs in this action filed a Motion To Release Videos From the Court's Protective Order [DOC #56]. Through the Motion, Plaintiffs sought the release of videos of the incident to the public, including certain videos taken by Sergeant Michael Little of the CHP. On January 7, 2022, United States District Magistrate Judge John E. McDermott, issued an order (DOC #83) granting Plaintiffs' Motion for the public release of the videos of the incident on March 15, 2022, particularly the videos taken by Sergeant Little. Subsequent efforts to stay and rescind the January 7, 2022 order (DOC #83) were denied by the Court. As a result of the January 7, 2022 order (DOC #83), the videos of the incident taken by Sergeant Michael Little are no longer within the scope of this stipulation and order and have been released to the public.

Should there be further production of videos related to the incident through discovery or other processes, the parties shall meet and confer to determine if the newly produced videos are within the scope of the January 7, 2022 Order (Doc #83) prior to any public release of those materials. Should the parties continue to have disagreement regarding the confidentiality of further produced videos, the

parties shall proceed in accordance with the procedures under Section 6 above regarding CHALLENGING CONFIDENTIALITY DESIGNATIONS.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL", unless the Party has obtained the Designating Party's permission or an order from the court from which the subpoena or order issued. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non- Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected

by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

> (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;
>
> (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and
>
> (3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a)

notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) confer with the Designating Party on a resolution to recall the inadvertent disclosure and determine if executing the "Acknowledgment and Agreement to Be Bound" is sufficient.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Fed. R. C. P. 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Fed. R. Evid. 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product doctrine, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

**12.1 Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2 Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on

any ground to use in evidence of any of the material covered by this Protective Order.

**12.3** **Filing Protected Material**. A Party that seeks to file under seal any Protected Material must comply with L.R. 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13. FINAL DISPOSITION

After the FINAL DISPOSITION of this Action, as defined in Section 2.8, within 30 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

## 14. VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions, following a written motion and court order.

//

//

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  May 26, 2022                CARRILLO LAW FIRM, LLP

   /s/ J. Miguel Flores
MICHAEL S. CARRILLO
J. MIGUEL FLORES
ATTORNEYS FOR PLAINTIFFS I.M., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, EDWARD TAPIA, EDWARD TAPIA, CHERYL TAPIA-RUFENER AND BRIANNA PALOMINO

Dated:  May 26, 2022                LAW OFFICES OF ANNEE DELLA DONNA

By:  ___/s/  Annee Della Donna_____
ANNEE DELLA DONNA,
ATTORNEYS FOR PLAINTIFFS E.W. & L.W., MINORS, ET AL.

Dated: May 26, 2022                 DUBIN LAW FIRM

By:  _____/s/  Eric J. Dubin_____
ERIC J. DUBIN,
ATTORNEYS FOR PLAINTIFFS E.W. & L.W., MINORS, ET AL.

| | |
|---|---|
| Dated: May 26, 2022 | FARNELL & NORMAN |
| | |
| | By: ___/s/ Ronald E. Norman_____ |
| | RONALD E. NORMAN, |
| | ATTORNEYS FOR PLAINTIFFS E.W. & L.W., MINORS, ET AL. |
| | |
| Dated:  May 26, 2022 | DEPARTMENT OF JUSTICE, ATTORNEY GENERAL'S OFFICE |
| | |
| | ___/s/ Shirley R. Sullinger_____ |
| | SHIRLEY R. SULLINGER |
| | BETTY CHU-FUJITA |
| | DEPUTY ATTORNEYS GENERAL |
| | ATTORNEYS FOR CHP DEFENDANTS |
| | |
| Dated:  May 26, 2022 | CARROLL, KELLY, TROTTER & FRANZEN |
| | |
| | ___/s/  Timothy Schuler_____ |
| | JOHN C. KELLY |
| | GABRIEL M. IRWIN |
| | TIMOTHY SCHULER |
| | ATTORNEYS FOR THIRD-PARTY DEFENDANTS VITAL HEALTH MEDICAL SERVICES, INC. AND ARBI BAGHALIAN, R.N. |

Pursuant to local 5-4.3.4, I, J. Miguel Flores, attest that Annee Della Donna, Eric J. Dubin, Ronald E. Norman, Shirley R. Sullinger and Timothy Schuler concur with the content of this Stipulation for a Protective Order and have authorized the filing of the same.

Dated: May 26, 2022        CARRILLO LAW FIRM, LLP

                                        __/s/ J. Miguel Flores_____
                                        MICHAEL S. CARRILLO
                                        J. MIGUEL FLORES
                                        ATTORNEY FOR PLAINTIFFS

**IT IS SO ORDERED**.

Dated: 5/27/22        By:___/s/ John E. McDermott_____
                                        UNITED STATES MAGISTRATE JUDGE

FIRST AMENDED STIPULATION RE: [PROPOSED] PROTECTIVE ORDER
- 19-

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *I.M., et al. v. State of California*, et al., United States District Court Case No. 2:20-cv-11174. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____